IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CIVIL ACTION NO. |
| Plaintiff, | ) ) | |
| | ) | COMPLAINT |
| v. | ) ) | |
| E&T FOODS, LLC d/b/a COMPARE FOODS, | ) ) ) | JURY TRIAL DEMAND |
| Defendant. | ) ) ) | |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the bases of race and national origin and to provide appropriate relief to individuals who were adversely affected by the practices. Specifically, Plaintiff Equal Employment Opportunity Commission ("the Commission") alleges that Defendant E&T Foods, LLC d/b/a Compare Foods ("Defendant") discriminated against Eugene Gates by constructively discharging him because of his race, Black, and national origin, non-Hispanic. The Commission also alleges that Defendant discriminated against Thomas McCoy by discharging him because of his race, White, and national origin, non-Hispanic. The Commission further alleges that Defendant discriminated against Bernice Grier by discharging her because of her race, Black and national origin, non-Hispanic.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of North Carolina.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII of the Civil Rights Act of 1964, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a North Carolina limited liability company doing business in the State of North Carolina and the City of Charlotte and has continuously had at least fifteen employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Thomas McCoy and Eugene Gates filed charges with the Commission alleging violations of Title VII by Defendant. During the investigation by the Commission, Bernice Grier was identified as a similarly situated

employee who was aggrieved by the alleged unlawful employment practices. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. From on or about March 1, 2004 until on or about April 5, 2004, Defendant engaged in unlawful employment practices at its N. Tryon Street store in Charlotte, North Carolina, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. §2000e-2(a)(1), as set forth below:

    a. On or about March 1, 2004, Defendant constructively discharged Eugene Gates, a non-Hispanic/Black meat cutter, because of his national origin and race by making his work conditions so intolerable that he reasonably felt compelled to resign. Specifically, Defendant significantly reduced Mr. Gates' hours such that Mr. Gates could not earn adequate income in his position with Defendant. Defendant replaced Mr. Gates with a Hispanic individual.

    b. On or about April 5, 2004, Defendant discharged Thomas McCoy, a non-Hispanic/White market manager, because of his national origin and race. Defendant replaced Mr. McCoy with a Hispanic individual.

    c. On or about March 19, 2004, Defendant discharged Bernice Grier, a non-Hispanic/Black meat wrapper, because of her national origin and race. Defendant replaced Ms. Grier with a Hispanic individual.

8. The effect of the practices complained of in paragraph 7 above has been to deprive Eugene Gates, Thomas McCoy and Bernice Grier of equal employment opportunities and otherwise adversely affect their status as employees because of their national origin, non-Hispanic.

9. The effect of the practices complained of in paragraph 7 above has been to deprive Eugene Gates, Thomas McCoy and Bernice Grier of equal employment opportunities and otherwise adversely affect their status as employees because of their race, non-Hispanic/Black or non-Hispanic/White.

10. The unlawful employment practices complained of in paragraph 7 above were intentional.

11. The unlawful employment practices complained of in paragraph 7 above were done with malice or with reckless indifference to the federally protected rights of Eugene Gates, Thomas McCoy and Bernice Grier.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice that discriminates on the bases of national origin or race.

B. Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for non-Hispanics, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Eugene Gates, Thomas McCoy and Bernice Grier by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of the unlawful employment practices described in paragraph 7 above, including but not limited to reinstatement or an award of front pay.

D. Order Defendant to make whole Eugene Gates, Thomas McCoy and Bernice Grier by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7 above, including medical expenses, in amounts to be determined at trial.

E. Order Defendant to make whole Eugene Gates, Thomas McCoy and Bernice Grier by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraph 7 above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, loss of self-esteem and loss of civil rights, in amounts to be determined at trial.

F. Order Defendant to pay Eugene Gates, Thomas McCoy and Bernice Grier punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

DATED this the 3rd day of August, 2006.

        Respectfully submitted,

        JAMES L. LEE
        Deputy General Counsel

        GWENDOLYN YOUNG REAMS
        Associate General Counsel
        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION
        1801 L Street, N.W.
        Washington, D.C. 20507


           s/ Lynette A. Barnes
        LYNETTE A. BARNES (N.C. Bar No. 19732)
        Regional Attorney
        e-mail: lynette.barnes@eeoc.gov


           s/ Mary M. Ryerse
        MARY M. RYERSE (S.C. Bar No. 68387)
        Trial Attorney
        e-mail: mary.ryerse@eeoc.gov

        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION
        Charlotte District Office
        129 West Trade Street, Suite 400
        Charlotte, North Carolina 28202
        Phone: 704.344.6886
        Fax: 704.344.6780


        ATTORNEYS FOR PLAINTIFF