## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) ) | Civil Action No.: 3:06-CV-00318 |
| v. ) ) | CONSENT DECREE |
| E & T FOODS, LLC ) d/b/a COMPARE FOODS, ) ) | |
| Defendant. ) ) | |

The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The Commission's complaint alleged Defendant E & T Foods, LLC d/b/a Compare Foods ("Defendant") discriminated against Thomas McCoy and Bernice Grier by discharging them because of their national origin and race. Moreover, Defendant discriminated against Eugene McCoy by constructively discharging him, based on national origin and race**.** Defendant denies all the allegations in the Complaint.

The Commission and Defendant hereby stipulate to jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court.

The parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation. Defendant's agreement to the terms herein are not to be construed as an admission of liability on the part of the

Defendant. Additionally the Commission does not disavow any of the allegations contained in the lawsuit.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of the Consent Decree; and (3) this Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 18 below.

It is therefore ORDERED, ADJUDGED AND DECREED as follows:

1. Defendant shall not discriminate against any person on the basis of national origin or race within the meaning of Title VII.

2. Defendant shall preserve employment records as required by EEOC procedural regulations, including but not limited to 29 C.F.R. § 1602.14.

3. Defendant shall pay Eugene Gates the sum of twenty thousand dollars ($20,000.00) in settlement of the claims raised in this action. Defendant shall make payment by issuing a check payable to Eugene Gates. Payment shall be made within thirty (30) days after the Court approves this Consent Decree or by February 25, 2008, whichever comes first. Defendant shall mail the check to Eugene Gates at an address provided by the Commission. Within ten (10) days after the check has been sent, Defendant shall mail to Lynette A. Barnes, Regional Attorney, at the Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte N.C., 28202, a copy of the check and proof of its delivery to Mr. Gates.

4. Defendant shall pay Thomas McCoy the sum of twelve thousand dollars ($12,000.00) in settlement of the claims raised in this action. Defendant shall make payment by

issuing a check payable to Thomas McCoy. Payment shall be made within thirty (30) days after the Court approves this Consent Decree or by February 25, 2008, whichever comes first. Defendant shall mail the check to Thomas McCoy at an address provided by the Commission. Within ten (10) days after the check has been sent, Defendant shall mail to Lynette A. Barnes, Regional Attorney, at the Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte N.C., 28202, a copy of the check and proof of its delivery to Mr. McCoy.

5. Defendant shall pay Bernice Grier the sum of eight thousand dollars ($ 8,000.00) in settlement of the claims raised in this action. Defendant shall make payment by issuing a check payable to Bernice Grier. Payment shall be made within thirty (30) days after the Court approves this Consent Decree or by February 25, 2008, whichever comes first. Defendant shall mail the check to Bernice Grier at an address provided by the Commission. Within ten (10) days after the check has been sent, Defendant shall mail to Lynette A. Barnes, Regional Attorney, at the Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte N.C., 28202, a copy of the check and proof of its delivery to Ms. Grier.

6. Within ten (10) days of the entry of this decree by the Court, Defendant shall eliminate from the employment records of Eugene Gates, Thomas McCoy, and Bernice Grier any and all documents, entries, or references of any kind relating to the facts and circumstances which led to the filing of the EEOC Charges 140-2004-03792 and 140-2004-03842, respectively, and the related events that occurred thereafter. Within fifteen (15) days of the entry of this decree by the Court, Defendant shall report compliance with this provision to the EEOC.

7. Defendant agrees to provide Eugene Gates, Thomas McCoy, and Bernice Grier positive letters of reference, copies of which are attached hereto, marked as Appendix A, B, and

C. In addition, if Defendant receives any inquiries regarding the employment of Mr. Gates, Mr. McCoy, or Ms. Grier, in lieu of oral response, Defendant shall provide a copy of the appropriate letter of reference.

8. Within ninety (90) days of the entry of this decree by the Court, Defendant shall adopt, implement, and distribute a formal, written anti-discrimination policy, which shall include but not be limited to the following: an explanation of the requirements of the federal equal employment opportunity laws, including Title VII and its prohibition against national origin and race discrimination; procedures for reporting discrimination; and a procedure for the thorough and immediate investigation of employee complaints of discrimination. Defendant shall distribute to each current employee, at the stores listed in Appendix D, a copy of the policy, in English and in Spanish, within the aforementioned 90 day time period. Within one hundred (100) days of the entry of this decree, Defendant shall report compliance to the Commission. During the term of this Decree, Defendant shall distribute the policy to all new employees and review it with them at the time of hire.

9. During the term of this Decree, Defendant shall post a copy of the policy described in paragraph 8, *supra*, in the stores listed in Appendix D in a place where it is visible to employees. Defendant shall post the policy in English and in Spanish. If the policy becomes defaced or unreadable, Defendant shall replace it by posting another copy of the policy. Within one hundred (100) days after the Consent Decree is entered, Defendant shall post the policy and notify the EEOC that it has been posted.

10. During the term of this Decree, Defendant shall provide an annual training program to all of managers, supervisors and employees at Defendant's store located at 4300

North Tryon Street, Charlotte, NC 28213.  Each training program shall include an explanation of the requirements of Title VII and its prohibition against discrimination in the workplace.  Each training program shall also include an explanation of Defendant's policy referenced in paragraph 8 above, and an explanation of the rights and responsibilities of employees and managers under the policy.   The training must be available in English and in Spanish.

The first training program shall be completed within one hundred (100) days after entry of the decree by the Court.  Each subsequent training program shall be conducted at approximately one-year intervals.  At least fifteen (15) days prior to each program, Defendant shall provide the Commission with an agenda for the training program.  Within ten (10) days after completion of each training program, Defendant shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance.

11. Beginning within thirty (30) days after the entry of this Decree by the Court, and continuing throughout the term of this Decree, Defendant shall conspicuously post the attached Employee Notice, marked Appendix E, hereby made a part of this Decree, in a place where it is visible to employees at the stores listed in Appendix D.   The Notice will be posted both in English and in Spanish.  If the Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice. Within forty-five (45) days after entry of this Decree, Defendant shall notify the Commission that the Notice has been posted pursuant to this provision and provide a copy of the Notice in Spanish.

12. During the term of this Consent Decree, Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval by the Court of this Decree. The reports will include the following information:

    A. the identities of all individuals whose employment at Defendant's store located at 4300 North Tryon Street, Charlotte, NC 28213, ended at any time during the reporting period, including by way of identification each individual's full name, race, national origin, social security number, last date of employment, reason employment ended, last known address, and last known telephone number;

In the event there is no activity to report pursuant to this paragraph, Defendant shall send the EEOC a "negative" report indicating no activity.

13. The Commission may review compliance with this Decree. As part of such review, the Commission may inspect the stores listed in Appendix D, interview employees and examine and copy documents.

14. If anytime during the term of this Decree, the Commission believes that Defendant is in violation of the Decree, the Commission shall give notice of the alleged violation to Defendant. Defendant shall have twenty (20) days in which to investigate and respond to the allegations. Thereafter, the parties shall then have a period of twenty (20) days or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

15. The term of this Decree shall be for three (3) years from its entry by the Court.

16. All reports or other documents sent to the Commission by Defendant pursuant to this Decree shall be sent to: Lynette A. Barnes, Regional Attorney, at the Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte N.C., 28202.

17. Each party shall bear its own costs and attorney's fees.

18. This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate.

IT IS SO ORDERED.  Signed: January 28, 2008

Frank D. Whitney
United States District Judge

This the 28th day of January, 2008.

The parties jointly request that the Court approve and enter the Consent Decree:

| | |
|---|---|
| **PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION** | **DEFENDANT E&T FOODS, LLC d/b/a COMPARE FOODS** |
| RONALD S. COOPER<br>General Counsel | s/ G. Bryan Adams. III |
| JAMES L. LEE<br>Deputy General Counsel | G. BRYAN ADAMS, III<br>(N.C. Bar No. 17307)<br>e-mail: badams-vrad@carolina.rr.com |
| GWENDOLYN YOUNG REAMS<br>Associate General Counsel<br>1801 L Street, N.W.<br>Washington, D.C. 20507 | PHILIP M. VAN HOY (N.C. Bar No. 5869)<br>e-mail: pvanhoy-vrad@carolina.rr.com<br><br>VAN HOY, REUTLINGER, ADAMS & DUNN<br>737 East Boulevard<br>Charlotte, North Carolina 28203<br>Telephone: 704.375.6022 |
| s/Lynette A. Barnes<br>LYNETTE A. BARNES (N.C. Bar No. 19732)<br>Regional Attorney<br>e-mail: lynette.barnes@eeoc.gov | ATTORNEYS FOR DEFENDANT |
| TINA BURNSIDE (WI Bar No: 1026965)<br>Supervisory Trial Attorney | |
| s/ Mary M. Ryerse<br>MARY M. RYERSE (S.C. Bar No. 68387)<br>Trial Attorney<br>e-mail: mary.ryerse@eeoc.gov | |
| DARRELL GRAHAM (MN Bar #: 290890)<br>Trial Attorney<br>e-mail: darrell.graham@eeoc.gov | |
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br>Charlotte District Office<br>129 West Trade Street, Suite 400<br>Charlotte, North Carolina 28202<br>Phone: 704.344.6886 | |
| ATTORNEYS FOR PLAINTIFF | |

[Defendant E & T Foods, LLC d/b/a Compare Foods]

[Date]

TO WHOM IT MAY CONCERN:

We are pleased to provide the following reference on behalf of our former employee, Eugene Gates.

Mr. Gates was employed by E & T Foods, LLC d/b/a Compare Foods as a butcher between February 13, 2004 and March 1, 2004.  His ending salary was $12.50 per hour.

Mr. Gates was a reliable employee who possesses excellent skills as a butcher.  We valued Mr. Gates' services to our company.

We hope that this information about Mr. Gates is helpful to you in considering him for employment.

Sincerely,


Eligio Pena
President, Compare Foods

Appendix A

[Defendant E & T Foods, LLC d/b/a Compare Foods]

[Date]

TO WHOM IT MAY CONCERN:

We are pleased to provide the following reference on behalf of our former employee, Thomas McCoy.

Mr. McCoy was employed by E & T Foods, LLC d/b/a Compare Foods as the manager in the meat department between February 13, 2004 and April 5, 2004. His ending salary was $16.85 per hour.

Mr. McCoy was a reliable employee who possesses excellent skills as a manager. We valued Mr. McCoy's services to our company.

We hope that this information about Mr. McCoy is helpful to you in considering him for employment.

Sincerely,


Eligio Pena
President, Compare Foods












Appendix B

[Defendant E & T Foods, LLC d/b/a Compare Foods]

[Date]

TO WHOM IT MAY CONCERN:

We are pleased to provide the following reference on behalf of our former employee, Bernice Grier.

Ms. Grier was employed by E & T Foods, LLC d/b/a Compare Foods as a wrapper in the meat department between February 13, 2004 and March 19, 2004. Her ending salary was $7.75 per hour.

Ms. Grier was a reliable employee who possesses excellent skills as a wrapper. We valued Ms. Grier's services to our company.

We hope that this information about Ms. Grier is helpful to you in considering her for employment.

Sincerely,


Eligio Pena
President, Compare Foods

Appendix C

# List of Stores

Compare Foods
3112 Milton Road
Charlotte, North Carolina 28215

Compare Foods
818 E. Arrowood Road
Charlotte, North Carolina 28217

Compare Foods
2557 West Franklin Avenue
Gastonia, North Carolina 28052

Compare Foods
5610 East Independence Boulevard
Charlotte, North Carolina 28212

Compare Foods
4300 North Tryon Street
Charlotte, NC 28213

Appendix D

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION, | ) <br> ) | Civil Action No.: 3:06-CV-00318 |
| **Plaintiff,** | ) <br> ) <br> ) | |
| v. | ) <br> ) | NOTICE |
| E & T FOODS, LLC<br>d/b/a COMPARE FOODS, | ) <br> ) <br> ) | |
| **Defendant.** | ) <br> ) | |

1. This Notice is posted pursuant to a settlement between the U.S. Equal Employment Opportunity Commission ("EEOC") and E&T Foods, LLC d/b/a Compare Foods ("Compare Foods") in a case of discrimination based on national origin and race. Specifically, the EEOC alleged that Compare Foods discriminated against three employees by discharging two of the employees and constructively discharging the other employee in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). Defendant denies all the allegations. The parties have decided to resolve this lawsuit to avoid the burden, expense, and delay of further litigation.

2. Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 or older) or disability. Federal law also prohibits retaliation against employees because they have opposed unlawful employment discrimination, or because they gave testimony or assistance or participated in an employment discrimination investigation, proceeding, or hearing, or otherwise asserted their rights under the laws enforced by the EEOC.

3. Compare Foods will comply with such federal laws in all respects. Furthermore, Compare Foods will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law or given testimony, assistance or participation in any investigation, proceeding or hearing conducted by the U.S. Equal Employment Opportunity Commission.

An employee has the right to report allegations of employment discrimination in the workplace. An employee may contact their local U. S. Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination. To locate the nearest field office, contact:

Equal Employment Opportunity Commission
1801 L Street, N.W.
Washington, DC 20507
TEL: 1-800-669-4000
TTY: 1-800-669-6820
website: www.eeoc.gov

This Notice will remain posted for at least three (3) years by agreement with the U.S. Equal Employment Opportunity Commission.

DO NOT REMOVE THIS NOTICE UNTIL:_____, 2011.

Appendix E